**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| **GRANITE RE, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 4:25-cv-2732-JD** |
| v. | ) | |
| | ) | |
| **DANIEL GIBSON CONSTRUCTION, LLC, DG** | ) | |
| **CONSTRUCTION, LLC, DANIEL GIBSON, and** | ) | |
| **APRIL GIBSON,** | ) | |
| | ) | |
| **Defendants.** | | |

---

**COMPLAINT**

---

Plaintiff Granite Re, Inc. ("Granite Re" or "Company") respectfully states the following for its Complaint against Defendants Daniel Gibson Construction, LLC ("Daniel Gibson Construction"), DG Construction, LLC ("DG Construction"), Daniel Gibson, and April Gibson (collectively, the "Defendants"):

## I.     PARTIES

1.     Granite Re is a corporation formed under Minnesota law with its principal place of business located at 14001 Quailbrook Drive, Oklahoma City, Oklahoma 73134, which is the location from which Granite Re's high-level officers direct, control, and coordinate its corporate activities. Thus, pursuant to 28 U.S.C. § 1332(c), Granite Re is a citizen of Minnesota and Oklahoma for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a).

2.     Upon information and belief, Defendant Daniel Gibson Construction is a limited liability company formed under South Carolina law, whose members are citizens of South

1

Carolina. Accordingly, Defendant Daniel Gibson Construction, LLC is a citizen of South Carolina for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a).

3.      Upon information and belief, Defendant DG Construction, LLC is a dissolved limited liability company formed under South Carolina law, whose members are citizens of South Carolina. Accordingly, Defendant DG Construction, LLC is a citizen of South Carolina for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a).

4.      Upon information and belief, Defendant Daniel Gibson is domiciled in and is a citizen of South Carolina with his principal residence located at 1074 Folly Road, Myrtle Beach, South Carolina 29588. Thus, upon information and belief, Defendant Daniel Gibson is a citizen of South Carolina for purposes of diversity jurisdiction under U.S.C. §1332(a).

5.      Upon information and belief, Defendant April Gibson is domiciled in and is a citizen of South Carolina with her principal residence located at 1074 Folly Road, Myrtle Beach, South Carolina 29588. Thus, upon information and belief, Defendant April Gibson is a citizen of South Carolina for purposes of diversity jurisdiction under U.S.C. §1332(a).

## II.      JURISDICTION AND VENUE

6.      This Honorable Court possesses original jurisdiction over Granite Re's claims against the Defendants pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000 exclusive of interests and costs, and the matter in controversy is between citizens of different states since Granite Re is a citizen of Minnesota and Oklahoma and the Defendants are citizens of South Carolina.

7.      This Honorable Court possesses the power to declare the respective rights and other legal relations of Granite Re and the Defendants as requested herein pursuant to 28 U.S.C. § 2201(a).

2

4904-4301-4678, v. 1

8.      Venue is proper in the United States District Court for the District of South Carolina, Florence Division, pursuant to 28 U.S.C. § 121(3) and 28 U.S.C. § 1391(b)(1) because all the Defendants are residents of South Carolina and Defendant Daniel Gibson and Defendant April Gibson reside the District of South Carolina, Florence Division.

## III.     FACTUAL ALLEGATIONS

### The Indemnity Agreement and the Indemnitors' Obligations Thereunder

9.      Upon information and belief, Defendant Daniel Gibson is a member, owner, and/or officer of Daniel Gibson Construction and DG Construction, both of which have engaged in the construction contracting business and have solicited surety bonds in relation to certain of their construction contracts.

10.     As a condition of Granite Re's execution of surety bonds at the request of the Indemnitors on behalf of Daniel Gibson Construction and DG Construction, Daniel Gibson Construction, Defendant Daniel Gibson, and Defendant April Gibson (collectively, the "Indemnitors") executed the General Agreement of Indemnity attached hereto as **Exhibit 1** (the "Indemnity Agreement") in favor of Granite Re.

11.     With respect to the Indemnitors' joint and several duty to indemnify, exonerate, and save Granite Re harmless in relation to any such surety bonds, Paragraph 2 of the Indemnity Agreement states, in relevant part, that:

> [T]he Indemnitor will perform all the conditions that each said bond or obligation, and any and all alterations, modification, renewals, continuations, and extensions thereof, **and will at all times indemnify, exonerate, and save Granite Re harmless from and against every claim, demand, liability, loss, cost, charge, counsel fee, expense, suit, order, judgment and adjudication whatsoever, payable on demand of Granite Re whether actually incurred or not, and any and all liability therefor sustained or incurred by Granite Re by reason of having executed or procured the execution of said bonds or obligations** . . . .

(Emphasis added).

4904-4301-4678, v. 1

12.     With respect to the Indemnitors' joint and several duty to collateralize Granite Re

on demand and thereby prevent Granite Re from sustaining any loss on the front end, Paragraph 2

of the Indemnity Agreement further states, in relevant part, that:

> Indemnitor shall place Granite Re upon demand in funds, whether or not Granite Re has made payment for any claim, demand, liability, loss, cost, charge, counsel fee, or expense; and whether or not the Indemnitor has previously provided collateral security to Granite Re to secure Granite Re as Granite Re demands in its sole discretion; and in case the Indemnitor requests Granite Re to join in the prosecution or defense of any legal proceeding, the Indemnitor will, on demand of Granite Re place it in funds sufficient to defray all expenses and all judgments that may be rendered therein . . . .

13.     With respect to Granite Re's right to pay, settle, or compromise any claim against

any of its bonds and the binding effect of Granite Re's decision to pay, settle, or compromise such

a claim on the Indemnitors, Paragraph 5 of the Indemnity Agreement states that:

> **[T]he Company shall have the right in its sole discretion to pay, settle or compromise any demand, claim, cause of action, complaint, or charge of the character enumerated in this Agreement; and payment by Granite Re shall be final and binding upon the Indemnitor's liability to Granite Re.** The Company shall have the right to utilize any collateral security to mitigate its loss, or to otherwise maintain collateral security for other exposure. claims, and liability, but in all events the Indemnitor shall immediately provide full indemnity to Granite Re for the sum of all payments remitted by Granite Re in settlement of all claims, expenses, or charges.

(Emphasis added).

14.     With respect to the Indemnity Agreement's application to any surety bonds that

Granite Re executed on behalf of Daniel Gibson Construction and/or DG Construction, Paragraph

28 of the Indemnity Agreement states that:

> this Agreement applies to bonds, undertakings and other writings obligatory in the nature of a bond, written by Granite Re **on behalf of or for the benefit of any of the undersigned Indemnitors and any and all of their wholly or partially owned subsidiary companies, successive subsidiaries whether direct or indirect, divisions or affiliates, partnerships, joint ventures or co-ventures or limited liability companies, or other entities, in which any of the undersigned indemnitors, their wholly or partially owned subsidiary companies, successive**

4

**subsidiaries whether direct or indirect, divisions or affiliates may have an interest or participation whether open or silent; jointly, severally, or in any combination with each other; now in existence or which may hereafter be created or acquired.** This Agreement and the Indemnitors' obligations hereunder may not be assigned without the prior written consent of Granite Re

(Emphasis added).

15.     With respect to the Indemnity Agreement's utilization of the term "Indemnitor," Paragraph 26 of the Indemnity Agreement states that "the word 'Indemnitor' or pronouns referring to said word appearing in this agreement, whether singular or plural, are to be construed as referring to the Indemnitor, though the Indemnitor may be one or more individuals, partnerships, associations, corporations, limited liability companies, joint ventures, trusts, or other legal entities."

## The Bonds

16.     In reliance upon its rights against the Indemnitors under the Indemnity Agreement, Granite Re executed various surety bonds at the request of the Indemnitors on behalf of Daniel Gibson Construction and/or DG Construction (collectively, the "Bonds").

17.     The Bonds that Granite Re executed on behalf of Daniel Gibson Construction include Subcontract Performance Bond GRSC56529 and Subcontract Payment Bond GRSC56529, copies of which are collectively attached hereto as **Exhibit 2** and which relate to Daniel Gibson Construction's subcontract with J.E. Dunn Construction Company on a construction project referenced in those bonds as Spartanburg Operations Center, Site and Building Concrete, Project No. 20014200.

18.     The Bonds that Granite Re executed on behalf of DG Construction also include Subcontract Performance Bond GRSC52578 and Subcontract Payment Bond GRSC52578, copies of which are collectively attached hereto as **Exhibit 3** and which relate to DG Construction's

5

subcontract with McCrory Construction Company, LLC on a construction project referenced in those bonds as TTi Cordless Technology Center, Anderson, SC Job# 21-42.

19.    As set forth more fully in the Bonds (and subject to their respective terms and conditions), Granite Re served as surety with respect to certain of Daniel Gibson Construction's and/or DG Construction's performance obligations and/or payment obligations under the subcontracts to which the Bonds relate.

## Granite Re's Losses By Reason of Executing the Bonds

20.    After Inman Stone Company asserted a claim against Granite Re under Subcontract Payment Bond GRSC56529, Granite Re exercised its right to settle that claim and ultimately paid $18,772.76 to Inman Stone Company under Subcontract Payment Bond GRSC56529 with the Indemnitors' knowledge, consent, and/or acquiescence.

21.    After East Coast Concrete Pumping asserted a claim against Granite Re under Subcontract Payment Bond GRSC56529, Granite Re exercised its right to settle that claim and ultimately paid $14,708.57 to East Coast Concrete Pumping under Subcontract Payment Bond GRSC56529 with the Indemnitors' knowledge, consent, and/or acquiescence.

22.    After SB Concrete Construction asserted a claim against Granite Re under Subcontract Payment Bond GRSC56529, Granite Re exercised its right to settle that claim and ultimately paid $151,080.00 to SB Concrete Construction under Subcontract Payment Bond GRSC56529 with the Indemnitors' knowledge, consent, and/or acquiescence.

23.    After Piedmont Concrete Products asserted a claim against Granite Re under Subcontract Payment Bond GRSC56529, Granite Re exercised its right to settle that claim and ultimately paid $191,092.90 to Piedmont Concrete Products under Subcontract Payment Bond GRSC56529 with the Indemnitors' knowledge, consent, and/or acquiescence.

4904-4301-4678, v. 1

24.     Granite Re ultimately recouped $22,071.00 in proceeds of the subcontract covered by Subcontract Performance Bond GRSC56529 and Subcontract Payment Bond GRSC56529.

25.     After McCrory Construction Company, LLC asserted a claim against Granite Re under Subcontract Performance Bond GRSC52578, Granite Re exercised its right to settle that claim and ultimately paid $300,000.00 to McCrory Construction Company, LLC under Subcontract Performance Bond GRSC52578 with the Indemnitors' knowledge, consent, and/or acquiescence.

26.     Thus, Granite Re's losses by reason of having executed the Bonds can be summarized as follows:

| PAYEE | BOND | AMOUNT |
|---|---|---|
| Inman Stone Company | Subcontract Payment Bond GRSC56529 | $18,772.76 |
| East Coast Concrete Pumping | Subcontract Payment Bond GRSC56529 | $14,708.57 |
| SB Concrete Construction | Subcontract Payment Bond GRSC56529 | $151,080.00 |
| Piedmont Concrete Products | Subcontract Payment Bond GRSC56529 | $191,092.90 |
| McCrory Construction Company, LLC | Subcontract Performance Bond GRSC52578 | $300,000.00 |
| Granite Re | Subcontract Payment Bond GRSC56529 | -$22,071.00 |
|  | **TOTAL** | **$653,583.23** |

## IV.     CAUSES OF ACTION

### COUNT I — Breach of the Indemnity Agreement

27.     Granite Re realleges and incorporates the foregoing allegations as if fully set forth verbatim herein.

28.     As set forth more fully therein, Paragraph 2 of the Indemnity Agreement jointly and severally obligates the Indemnitors to at all times indemnify, exonerate, and save Granite Re harmless from and against every claim, demand, liability, loss, cost, charge, counsel fee, expense, suit, order, judgment and adjudication whatsoever, payable on demand of Granite Re whether

4904-4301-4678, v. 1

actually incurred or not, and any and all liability therefor sustained or incurred by Granite Re by reason of having executed or procured the execution of the Bonds.

29.     As set forth more fully therein, Paragraph 5 of the Indemnity Agreement expressly grants Granite Re the right in its sole discretion to pay, settle, or compromise any demand, claim, cause of action, complaint, or charge arising out of or relating to the Bonds.

30.     As set forth more fully therein, Paragraph 28 of the Indemnity Agreement clarifies that the Indemnitors' obligations thereunder extend to the Bonds that Granite Re executed on behalf of Daniel Gibson Construction and/or DG Construction.

31.     Granite Re executed the Bonds on behalf of Daniel Gibson Construction and/or DG Construction in reliance upon its rights against the Indemnitors under the Indemnity Agreement.

32.     To date, Granite Re has sustained losses in excess of $653,583.23 by reason of having executed the Bonds of behalf of Daniel Gibson Construction and/or DG Construction.

33.     However, the Indemnitors have failed to indemnify, exonerate, and save Granite Re harmless from and against the loss Granite Re has sustained and continues to sustain by reason of having executed the Bonds of behalf of Daniel Gibson Construction and/or DG Construction.

34.     The Indemnitors' failure to indemnify, exonerate, and save Granite Re harmless from and against the loss Granite Re has sustained and continues to sustain by reason of having executed the Bonds on behalf of Daniel Gibson Construction and/or DG Construction constitutes a material breach of the Indemnity Agreement.

35.     The Indemnitors' material breach of the Indemnity Agreement has proximately caused Granite Re to sustain damages that currently exceed $653,583.23 (but will be proven at the summary judgment stage and/or at trial).

4904-4301-4678, v. 1

36.    Therefore, Granite Re is entitled to judgment against the Indemnitors, jointly and severally, in an amount sufficient to fully indemnify, exonerate, and save Granite Re harmless from and against every claim, demand, liability, loss, cost, charge, counsel fee, expense, suit, order, judgment and adjudication whatsoever, payable on demand of Granite Re whether actually incurred or not, and any and all liability therefor sustained or incurred by Granite Re by reason of having executed or procured the execution of the Bonds, which amount currently exceeds $653,583.23 (but will be proven at the summary judgment stage and/or at trial).

### Count II — Common Law Indemnity Against Daniel Gibson Construction

37.    Granite Re realleges and incorporates the foregoing allegations as if fully set forth verbatim herein.

38.    As set forth more fully in Subcontract Payment Bond GRSC56529 (and subject to its terms and conditions), Granite Re served as surety with respect to certain of Daniel Gibson Construction's payment obligations to its lower-tiered subcontractors and suppliers with respect to the labor, material, equipment, etc. they furnished to Daniel Gibson Construction for the performance of the subcontract to which Subcontract Payment Bond GRSC56529 relates.

39.    As set forth more fully in Subcontract Payment Bond GRSC56529 (and subject to its terms and conditions), Granite Re and Daniel Gibson Construction were jointly and severally bound to pay for certain labor, material, equipment, etc. that lower-tiered subcontractors and suppliers furnished to Daniel Gibson Construction for the performance of the subcontract to which Subcontract Payment Bond GRSC56529 relates.

40.    However, in their respective capacities as principal and surety under Subcontract Payment Bond GRSC56529, Daniel Gibson Construction had a common law duty to indemnify,

4904-4301-4678, v. 1

exonerate, and hold Granite Re harmless in relation to any liability it faced under Subcontract Payment Bond GRSC56529.

41. Daniel Gibson Construction materially breached its common law duty to indemnify, exonerate, and hold Granite Re harmless in relation to any liability it faced under Subcontract Payment Bond GRSC56529.

42. As a result of Daniel Gibson Construction's material breach of its common law duty to indemnify, exonerate, and hold Granite Re harmless, Granite Re was compelled to pay net losses, costs, and expenses totaling $353,583.23 to satisfy Daniel Gibson Construction's payment obligations to its lower-tiered subcontractors and suppliers under Subcontract Payment Bond GRSC56529.

43. Because Granite Re was compelled to satisfy Daniel Gibson Construction's payment obligations to its lower-tiered subcontractors and suppliers under Subcontract Payment Bond GRSC56529, Daniel Gibson Construction is obligated to indemnify/reimburse Granite Re's net losses, costs, and expenses pursuant to the common law of South Carolina.

44. Therefore, Granite Re is entitled to judgment against Daniel Gibson Construction in an amount sufficient to fully indemnify, exonerate, and save Granite Re harmless from any losses, costs, and expenses that Granite Re has been or may be compelled to incur under Subcontract Payment Bond GRSC56529, which amount currently exceeds $353,583.23 (but will be proven at the summary judgment stage and/or at trial).

### Count III — Common Law and/or Statutory Indemnity
### Against DG Construction

45. Granite Re realleges and incorporates the foregoing allegations as if fully set forth verbatim herein.

10

46.    As set forth more fully in Subcontract Performance Bond GRSC52578 (and subject to its terms and conditions), Granite Re served as surety with respect to certain of DG Construction's performance obligations under the subcontract to which Subcontract Performance Bond GRSC52578 relates.

47.    As set forth more fully in Subcontract Performance Bond GRSC52578 (and subject to its terms and conditions), Granite Re and DG Construction were jointly and severally bound to perform certain obligations under the subcontract to which Subcontract Performance Bond GRSC52578 relates.

48.    However, in their respective capacities as principal and surety under Subcontract Performance Bond GRSC52578, DG Construction had a common law duty to indemnify, exonerate, and hold Granite Re harmless in relation to any liability it faced under Subcontract Performance Bond GRSC52578.

49.    DG Construction materially breached its common law duty to indemnify, exonerate, and hold Granite Re harmless in relation to any liability it faced under Subcontract Performance Bond GRSC52578.

50.    As a result of DG Construction's material breach of its common law duty to indemnify, exonerate, and hold Granite Re harmless, Granite Re was compelled to pay losses, costs, and expenses totaling $300,000.00 to satisfy DG Construction's performance obligations under Subcontract Performance Bond GRSC52578.

51.    Because Granite Re was compelled to satisfy DG Construction's performance obligations under Subcontract Performance Bond GRSC52578, DG Construction is obligated to indemnify/reimburse Granite Re's losses, costs, and expenses pursuant to the common law of South Carolina.

4904-4301-4678, v. 1

52.      Therefore, Granite Re is entitled to judgment against DG Construction in an amount sufficient to fully indemnify, exonerate, and save Granite Re harmless from any losses, costs, and expenses that Granite Re has been or may be compelled to incur under Subcontract Performance Bond GRSC52578, which amount currently exceeds $300,000.00 (but will be proven at the summary judgment stage and/or at trial).

WHEREFORE, PREMISES CONSIDERED, Granite Re prays for the following relief:

a) For the issuance of process requiring the Indemnitors to answer Granite Re's Complaint;

b) For the entry of judgment against the Indemnitors, jointly and severally, with respect to Count I of Granite Re's Complaint in an amount sufficient to fully indemnify, exonerate, and save Granite Re harmless from and against every claim, demand, liability, loss, cost, charge, counsel fee, expense, suit, order, judgment and adjudication whatsoever, payable on demand of Granite Re whether actually incurred or not, and any and all liability therefor sustained or incurred by Granite Re by reason of having executed or procured the execution of the Bonds, which amount currently exceeds $653,583.23 (but will be proven at the summary judgment stage and/or at trial);

c) For the entry of judgment against Daniel Gibson Construction with respect to Count II of Granite Re's Complaint in an amount sufficient to fully indemnify, exonerate, and save Granite Re harmless from any losses, costs, and expenses that Granite Re has been or may be compelled to incur under Subcontract Payment Bond GRSC56529, which amount currently exceeds $353,583.23 (but will be proven at the summary judgment stage and/or at trial);

d) For the entry of judgment DG Construction with respect to Count III of Granite Re's Complaint in an amount sufficient to fully indemnify, exonerate, and save Granite Re harmless from any losses, costs, and expenses that Granite Re has been or may be compelled to incur under Subcontract Performance Bond GRSC52578, which amount currently exceeds $300,000.00 (but will be proven at the summary judgment stage and/or at trial);

e) For such further relief, both general and specific, as may be appropriate in accordance with the nature of this cause including, but not limited to, pre-judgment and post-judgment interest.

4904-4301-4678, v. 1

Respectfully submitted,

*s/ Everett A. Kendall, II*
Everett A. Kendall, II, Esquire
Federal ID No. 06762
MURPHY & GRANTLAND
4406-B Forest Drive
Columbia, SC 29206
Phone: 803-782-4100
Fax: 803-782-4140
rkendall@murphygrantland.com

*Counsel for Plaintiff Granite Re, Inc.*

April 1, 2025
Columbia, South Carolina

13